**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA GUERRERO CUEVAS; et al., | No. 18-73327 |
| Petitioners, | Agency Nos. A202-033-396 |
| v. | A202-033-397 |
| | A202-033-398 |
| WILLIAM P. BARR, Attorney General, | A202-033-399 |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2019**

Before: CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Maria Guerrero Cuevas, and her three children, natives and citizens of

Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's ("IJ") decision denying their

application for asylum, withholding of removal, and relief under the Convention

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We grant the petition for review and remand.

Petitioners contend the BIA erred in its determination that the IJ did not violate their right to due process. Specifically, petitioners assert that the IJ failed to fully develop the record, and failed to adequately explain the immigration hearing procedures and what petitioners were required to prove in order to establish their eligibility for relief. We agree. *See Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir. 2002) (due process violation where IJ failed to adequately explain to pro se applicant the hearing procedures and what the applicant had to prove in order to support his claims); *Jacinto v. INS*, 208 F.3d 725, 734 (9th Cir. 2000) (immigration judges are obligated to fully develop the record where applicants appear without counsel). Thus, we grant the petition for review and remand to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

In light of this disposition, we do not reach petitioners' remaining contentions regarding the agency's denial of asylum, withholding of removal, and

CAT.

The government must bear the costs for this petition for review.

**PETITION FOR REVIEW GRANTED; REMANDED.**